## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRODY CAMPBELL,<br>On Behalf of Himself and Others<br>Similarly Situated,<br><br>          *Plaintiff*,<br><br>v.<br><br>(1) A.S.A.P. ASSEMBLY, INC.,<br><br>          *Defendant*. | CASE NO. CIV-13-815-HE<br><br>COLLECTIVE ACTION<br><br>JURY DEMANDED |

## ORIGINAL COMPLAINT

### SUMMARY

1.      A.S.A.P. Assembly, Inc. (ASAP) does not pay its hourly/piece work assemblers overtime as required by federal law.  Instead, ASAP pays these workers at the same hourly or piece rate for all hours worked, including those in excess of 40 in a workweek.  Plaintiff Brody Campbell is one of the workers affected by this illegal practice.  He brings this collective action to recover unpaid overtime and other damages owed to him and to other similarly situated workers.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit occurred in this District.  Plaintiff worked in this District during his entire employment with ASAP.

### THE PARTIES

4.    Brody Campbell (Campbell) works as an assembler for ASAP.  He is paid on a combined hourly and piece rate basis, but is not paid overtime for hours worked in excess of 40 in a workweek. His written consent is attached.

5.    ASAP is a Florida corporation.  It conducts substantial business in Oklahoma, both generally and in connection with the facts that gave rise to this complaint.  ASAP may be served with process by serving its registered agent – Courtney E. Palacios, 6146 Seven Springs Blvd., Greenacres, FL 33463.

### THE FACTS

6.    ASAP provides product assembly to retail stores throughout the country, including Walmart.

7.    On information and belief, in each of the past three years, ASAP's gross revenues exceeded $500,000.

8.    ASAP's employees handle and/or work on goods or materials that have been moved in or produced for commerce, such as furniture, bicycles, toys, lawnmowers, fitness equipment, etc.

9.    Campbell began working for ASAP in October 2011, as an assembler in Oklahoma City.

10.     ASAP pays Campbell an hourly rate for furniture assembly and a piece rate for other items such as bicycles.

11.     Campbell regularly works at least 60 hours per week.

12.     ASAP pays Campbell at the same hourly or piece rate for all hours worked, including those in excess of 40 in a workweek.

13.     ASAP is well aware of the overtime requirements of the FLSA.  ASAP nonetheless fails to pay Campbell overtime in clear violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

14.     Campbell incorporates the preceding paragraphs by reference.

15.     ASAP's illegal "straight time for overtime" policy extends well beyond Campbell.  ASAP pays all of its assembly workers according to the same unlawful scheme (collectively, "the Workers").

16.     The Workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All persons employed by ASAP as assemblers paid at "straight time" rates for hours worked in excess of forty in a workweek in the past 3 years.**

### CAUSE OF ACTION

17.     Campbell incorporates the preceding paragraphs by reference.

18.     By failing to pay Campbell and the Workers overtime at one-and-one-half times their regular rates, ASAP violated the FLSA's overtime provisions.

19.     ASAP owes Campbell and the Workers the difference between the rate actually paid and the proper overtime rate.

20.     Because ASAP knew, or showed reckless disregard for whether its pay practices violated the FLSA, ASAP owes these wages for at least the past three years.

21.     ASAP is liable to Campbell and the Workers for an amount equal to all unpaid overtime wages as liquidated damages.

22.     Campbell and the Workers are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### JURY DEMAND

23.     Campbell demands a trial by jury.

### PRAYER

Campbell prays for relief as follows:

1.      An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Workers;

2.      Judgment awarding Campbell and the Workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3.      An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.      All such other and further relief to which Campbell and the Workers may show themselves to be justly entitled.

4

Respectfully submitted,

**BRUCKNER BURCH PLLC**

/s/ **James A. Jones**

By: _____

James A. Jones
(Pro Hac Vice Pending)
*Attorney-In-Charge for Plaintiff*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
jjones@brucknerburch.com

Kevin Locke
Oklahoma Bar No. 14769
Attorney for Plaintiff
**TAYLOR LUCAS LOCKE & CORBIN**
1132 North Broadway Drive
Oklahoma City, OK 73103
Telephone: (405) 232-8585
Telecopier: (405) 232-8588
Kevin.Locke@taylorlucas.com