**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) BRODY CAMPBELL, On Behalf of Himself and Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-13-815-HE |
| vs. | ) ) | COLLECTIVE ACTION |
| (1) A.S.A.P. ASSEMBLY, INC., | ) ) ) | JURY DEMANDED |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND COUNTERCLAIMS

Defendant, A.S.A.P. Assembly Inc. ("Defendant"), by and through its undersigned counsel, hereby file its Answer to Plaintiff's Original Complaint ("Complaint") and Counterclaims against Plaintiff. Defendant responds to the correspondingly numbered paragraphs of the Complaint as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. Plaintiff is no longer employed by Defendant.

11. Denied. Plaintiff is no longer employed by Defendant.

12. Denied. Plaintiff is no longer employed by Defendant.

13. With respect to the allegations in Paragraph 13 of the Complaint, Defendant admits that it is aware of the overtime requirements of the FLSA. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is an incorporation paragraph. As a result, Defendant incorporates its prior responses to all preceding paragraphs by reference.

15. The first sentence of Paragraph 15 sets forth conclusions of law to which no responsive pleading is required and Defendant therefore denies those allegations. Defendant also denies the remaining allegations in Paragraph 15 of the Complaint.

16. Denied.

17. Paragraph 17 of the Complaint is an incorporation paragraph. As a result, Defendant incorporates its prior responses to all preceding paragraphs by reference.

18. The first sentence of Paragraph 18 sets forth conclusions of law to which no responsive pleading is required and Defendant therefore denies those allegations. Defendant also denies the remaining allegations in Paragraph 18 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. No response is required to this Paragraph.

## **AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant claims the following Affirmative Defenses:

1. To the extent the Court finds that Defendant took any actions or omissions with respect to Plaintiff, such acts or omissions concerning or affecting Plaintiff and the putative classes Plaintiff purports to represent were undertaken in good faith to comply with the FLSA, and with reasonable grounds that the actions did not violate the FLSA, and were justified, proper, and lawful, and were taken without any intent to violate the FLSA.

2. To the extent Plaintiffs and/or putative class members' claims implicate the National Labor Relations Act and/or the Labor Management Relations Act, the doctrine of preemption bars Plaintiffs purported claims and the claims he seeks to assert on behalf of others.

3. To the extent Plaintiff seeks to enforce putative class members' rights under collective bargaining agreements to which he is not a party, Plaintiff lacks standing to pursue the purported claims in whole or in part. This defense may also apply to the purported claims of some or all of the potential members of the putative classes that Plaintiff purports to represent.

4. Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by the doctrines of laches, waiver, release, accord and satisfaction, and/or unclean hands.

5. Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to him regarding the matters alleged in the Complaint. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

6. To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his

hours, or to the extent discovery reveals that Plaintiff otherwise failed to follow Defendant's policies for reporting his hours, the doctrine of estoppel bars the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

7. Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because any acts or omissions giving rise to this action were done in good faith and in reliance on written administrative regulations, orders, rulings, interpretations and approvals of the Department of Labor.

8. Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or any other state or federal law.

9. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.

10. Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class.

11. Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury, and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

12. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

13. Plaintiff's claims are barred to the extent Plaintiff and/or alleged similarly situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

14. Plaintiff and all alleged putative class members have been paid and/or received all wages and/or compensation due to them by virtue of their employment with Defendant.

15. Defendant reserves the right to assert any additional defenses it discovers during the course of litigation.

## COUNTERCLAIMS

Defendant, ASAP Assembly, Inc., for its counterclaims against Plaintiff, Brody Campbell, alleges and states as follows:

1. Plaintiff is a citizen of the State of Oklahoma.

2. Defendant is a corporation incorporated under the laws of the State of Florida having its principal place of business in the State of Florida.

3. Defendant's counterclaims are compulsory counterclaims. Therefore, no independent basis for jurisdiction is necessary. To the extent Defendant's counterclaims are considered permissive, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### COUNT I - FRAUD AND DECEIT

4. During Plaintiff's employment, he was required to report his hourly time worked and pieces assembled to Defendant.

5. On several occasions during this period, Plaintiff falsely reported to Defendant hours that he did not work.

6. Defendant paid Plaintiff for the falsely reported hours.

7. Plaintiff, by his conduct, actually and constructively defrauded Defendant.

8. Plaintiff has acted in an intentional or reckless disregard for the rights of Defendant. Therefore, Defendant demands actual and punitive damages in excess of $75,000.

## COUNT II - BREACH OF CONTRACT

9. Plaintiff entered into a Confidentiality, Non-Solicitation and Non-Competition Agreement ("Contract") with Defendant on November 11, 2011.

10. Plaintiff breached the Confidential Information and Non-Disclosure provisions of the Contract by disclosing confidential information he acquired while working for Defendant to its competitor, Empire Assembly.

11. Plaintiff also breached the Non-Solicitation provision of the Contract by directly soliciting business from the Wal-Mart stores where he had worked for Defendant.

12. As a result of Plaintiff's breaches of the Contract, Defendant has suffered actual and punitive damages in excess of $75,000.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONSHIPS

13. Defendant has a contractual and business right to perform assembly work for Wal-Mart.

14. Plaintiff knew of Defendant's contractual and business relationship with Wal-Mart.

15. Plaintiff has interfered with Defendant's contractual and business relationship with Wal-Mart by using confidential information and customer lists he obtained while working

for Defendant to undermine Defendant's relationship with Wal-Mart. As a result, Plaintiff's interference is malicious and wrongful, and is neither justified, privileged nor excusable.

16. Defendant has and will continue to lose business from Wal-Mart as a result of Plaintiff's interference.

17. As a result of Plaintiff's tortious interference with contractual and business relationships, Defendant has suffered actual and punitive damages in excess of $75,000.

**WHEREFORE, Defendant A.S.A.P. Assembly, Inc. requests:**

1. Judgment in favor of Defendant on Plaintiff's Complaint;

2. Judgment against Plaintiff for actual and punitive damages in an amount in excess of $75,000.00.

3. Judgment awarding Defendant its attorney fees, costs and disbursements; and,

4. Such other relief as the Court may deem just and equitable.

**Respectfully Submitted,**

By: s/ Wendy P. Drummond
Gentner F. Drummond, OBA #16645
Wendy P. Drummond, OBA #21697
Garry M. Gaskins, II, OBA #20212
DRUMMOND LAW, PLLC
1500 South Utica, Suite 400
Tulsa, Oklahoma 74104-6522
(918) 749-7378-Phone/
(918) 749-7869-Fax
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on 4th day of September, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    James A. Jones
    Kevin Locke

                                                                    s/Wendy P. Drummond
                                                                    Wendy P. Drummond