# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BRODY CAMPBELL, <br> On Behalf of Himself and Others <br> Similarly Situated, <br>               *Plaintiff*, <br> v. <br> (1) A.S.A.P. ASSEMBLY, INC., <br>               *Defendant*. | CASE NO. CIV-13-815-HE <br><br> COLLECTIVE ACTION <br><br> JURY DEMANDED |

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIMS AND CERTAIN AFFIRMATIVE DEFENSES

Plaintiff Brody Campbell (Campbell) has moved to strike pursuant to FED. R. CIV. P. 12(b)(6) the Counterclaims contained in the Answer of Defendant A.S.A.P. Assembly, Inc. (ASAP) [ECF No. 12]. Additionally, Campbell moves to strike pursuant to FED. R. CIV. P. 12(f) ASAP's 1st, 2nd, 3rd, 4th, 5th, 7th, 8th, 12th, and 15th affirmative defenses. The motion has been fully briefed by the parties. For the reasons stated below, the court concludes that the motion should be granted.

## BACKGROUND

Campbell was employed by ASAP as an assembler. He brought suit against ASAP for failing to pay him overtime for hours worked in excess of 40 in a workweek as required by the Fair Labor Standards Act (FLSA). 29 U.S.C. § 703(a). He also brings this suit, as authorized by § 216(b) of the FLSA, on behalf of himself and others similarly situated. ASAP answered Campbell's complaint and asserted fifteen affirmative defenses. ASAP also seeks to bring a

1

counterclaim against Campbell, asserting three state law causes of action – fraud, breach of contract, and tortious interference with business relations. Campbell seeks to strike ASAP's counterclaims as not legally permitted in an FLSA case. Campbell further challenges nine of ASAP's affirmative defenses.

## DISCUSSION

**1.      ASAP's Counterclaims.**

ASAP's counterclaims sound in tort and breach of contract under state law. The Tenth Circuit and other courts have clearly held that such state law counterclaims are not permitted in a private action under the FLSA. *Donovan v. Pointon*, 717 F. 2d 1320, 1323 (10th Cir. 1983) ("the purpose of the present action is to bring [Defendant] into compliance with the [FLSA] by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process."). *See also Brennan v. Heard*, 491 F. 2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (U.S. 1988) ("The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act."); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1042 (5th Cir. 2010) (holding employer's contract and fraud counterclaims could not be brought in an FLSA action); *Jones v. JGC Dallas LLC*, 2012 WL 4119570, *3-4 (N.D. Tex. Aug. 17, 2012) *report and recommendation adopted*, 2012 WL 4169685 (N.D. Tex. Sept. 19, 2012) (same). Accordingly, ASAP's counterclaims are hereby stricken and are dismissed without prejudice.

2

**2.    ASAP's Affirmative Defenses.**

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense . . . ." "Motions to strike are a severe remedy, and as such are generally disfavored." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" *Id. (*quoting *Bobbitt v. Victorian House, Inc.,* 532 F. Supp. 734, 736-37 (N.D. Ill. 1982). A court "should decline to [strike] unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties." *Rubio ex. rel. Z.R. v. Turner Unified Sch. Dist. No. 202,* 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

Campbell's motion will be granted as to ASAP's first and eighth affirmative defenses. ASAP has merely repeated the language of the statute in their answer. ASAP knows the bases, if any, for its affirmative defense that it acted in good faith and with reasonable grounds for believing that its actions or omissions were not in violation of the FLSA. *Argeropoulos v. Exide Techs.,* 2009 WL 2132443, *6 (E.D.N.Y. Jul.8, 2009) (The federal rules require a party to do more than just plead "labels and conclusions, and a formulaic recitation of the elements of a cause of action."). ASAP will be permitted to reassert the defense(s) by a more detailed pleading that asserts the factual basis of their assertion of good faith and identifying the basis of their claim of good faith if it so chooses.

Campbell's motion will also be granted as to ASAP's second and third affirmative defenses. The potential applicability and nature of these defenses is not obvious from the context of this case. The court concludes there is sufficient prejudice to Campbell from having to spend time and effort searching for the potential applicability of them that the defenses should be

stricken under the above standard. ASAP will be permitted to reassert the defense(s) by a more detailed pleading if it so chooses.

Campbell's motion will further be granted as to ASAP's fourth affirmative defense, which claims that Campbell's claims are barred by the doctrines of laches, waiver, release, accord and satisfaction, and/or unclean hands. Merely pleading the names of a list of affirmative defense falls well short of putting Campbell on "fair notice" of the defenses being asserted. *JGC Dallas*, 2012 WL 4119570, at *6. More fundamentally, however, the specific defenses listed in this affirmative defense are not legally sufficient.[1] *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived"); *Judkins v. Bloomen Int'l, Inc.*, 2010 WL 2510665 (M.D. Fla. June 21, 2010) (defenses of laches and waiver are not available in an FLSA action); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, *3 (S.D.Fla. July 31, 2009) (noting the "doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims" and striking those defenses); *Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir.1959) (waiver and release are not valid affirmative defenses under the FLSA); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1319-20 (S.D. Fla. 2005) ("[T]he doctrine of laches does not apply to congressional acts providing a statute of limitations, such as the FLSA."); *O'Conner v. U.S.,* 60 Fed.Cl. 164, 167 (2004) ("*O'Connor II*"); *O'Connor v. U.S.,* 308 F.3d 1233, 1242 (Fed.Cir.2002) ("*O'Connor I*") (accord and satisfaction is not a valid defense in

---

[1] *Kaiser Aluminium & Chemical Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). A defense is insufficient as a matter of law if the defendant's allegations – even if true - would not constitute an affirmative defense. *E.E.O.C. v. First Nat'l Bank of Jackson*, 614 F. 2d 1004, 1008 (5th Cir. 1980). "Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Federal Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott*, 754 F.Supp. 22, 23 (E.D.N.Y.1990).

a private action brought under the FLSA). ASAP's fourth affirmative will be stricken with prejudice.

ASAP's fifth affirmative defense – that Campbell's claims are barred by the failure to mitigate by failing to utilize internal complaint procedures – is similarly not a legally valid defense under the FLSA. FLSA plaintiffs have no obligation to provide notice of an alleged wage violation prior to bringing suit. *Morrison*, 434 F. Supp. 2d at 1319 (striking affirmative defense of failure to provide notice). In addition, mitigation is not a valid defense to an FLSA claim. *Id*. Accordingly, ASAP's fifth affirmative defense will be stricken with prejudice.

Campbell's motion will be granted as to ASAP's seventh affirmative defense. Once again, ASAP has simply parroted the language of the statute in its defense. ASAP must specifically identify the written interpretation of the FLSA by the Administrator of the Wage and Hour Division of the Department of Labor upon which it relied, if any. *Tran v. Thai*, 2010 WL 723633, *2 (S.D. Tex. Mar. 1, 2010). ASAP will be permitted to reassert its seventh affirmative defense by a more detailed pleading if it so chooses.

Campbell's motion will be granted as to ASAP's twelfth affirmative defense. As Campbell correctly points out, he has not pled for equitable relief. Thus, ASAP's twelfth affirmative defense, which asserts that Campbell is not entitled to equitable relief, has no possible relation to this controversy and is thereby stricken with prejudice.

Finally, Campbell's motion will be granted as to ASAP's fifteenth affirmative defense, which purports to "reserve[] the right" to add defenses later. A defendant's ability to add defenses is governed by FED. R. CIV. P. 15, not by some purported reservation of rights. ASAP's fifteenth affirmative defense is stricken with prejudice.

## **CONCLUSION**

Accordingly, Campbell's motion to strike counterclaims and certain affirmative defenses is hereby **GRANTED**.  ASAP's counterclaims are dismissed without prejudice.  ASAP's fourth, fifth, twelfth, and fifteenth affirmative defenses are hereby dismissed with prejudice.  ASAP is granted leave to file an amended pleading as to its first, second, third, seventh, and eighth affirmative defenses, if so chooses, within **ten (10) days**.

**IT IS SO ORDERED.**

Dated this ___ day of _____, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE