# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRODY CAMPBELL, On Behalf of Himself and Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) A.S.A.P. ASSEMBLY, INC., ) ) Defendant. ) | Case No.  CIV-13-815-HE |

## DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIMS

Defendant, A.S.A.P. Assembly Inc. ("Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 15(a)(1)(b) hereby files its Amended Answer to Plaintiff's Original Complaint ("Complaint") and Counterclaims against Plaintiff. Defendant responds to the correspondingly numbered paragraphs of the Complaint as follows:

1. Denied.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. Plaintiff is no longer employed by Defendant.

11. Denied. Plaintiff is no longer employed by Defendant.

12. Denied. Plaintiff is no longer employed by Defendant.

13. With respect to the allegations in Paragraph 13 of the Complaint, Defendant admits that it is aware of the overtime requirements of the FLSA. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is an incorporation paragraph. As a result, Defendant incorporates its prior responses to all preceding paragraphs by reference.

15. The first sentence of Paragraph 15 sets forth conclusions of law to which no responsive pleading is required and Defendant therefore denies those allegations. Defendant also denies the remaining allegations in Paragraph 15 of the Complaint.

16. Denied.

17. Paragraph 17 of the Complaint is an incorporation paragraph. As a result, Defendant incorporates its prior responses to all preceding paragraphs by reference.

18. The first sentence of Paragraph 18 sets forth conclusions of law to which no responsive pleading is required and Defendant therefore denies those allegations. Defendant also denies the remaining allegations in Paragraph 18 of the Complaint.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. No response is required to this Paragraph.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant claims the following Affirmative Defenses:

1.      Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by the doctrine of unclean hands on the basis of Plaintiff's fraudulent time reporting and other demonstrable bad faith in relations with Defendant.

2.      Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to him regarding the matters alleged in the Complaint. Specifically, Plaintiff's timesheet records do not indicate that he worked more than 40 hours in any week, and Defendant, in Florida, had no way to directly monitor Plaintiff, working in Oklahoma, with regard to hours worked unless so informed by Plaintiff. Additionally, Plaintiff's fraudulent reporting of his time actually spent on the job made it impossible for Defendant to know how many hours were worked by Plaintiff and accordingly, his entitlement FLSA overtime.  This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

3.      To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendant required the false reporting of hours; and no evidence that Defendant knew or should have known that Plaintiff was providing false information as to his hours, or to the extent discovery reveals that Plaintiff otherwise failed to follow Defendant's policies for reporting his hours, the doctrine of estoppel bars

the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.

4. To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.

5. Plaintiff does not, and cannot, fairly and adequately represent the interests of the purported class based on fact specific issues related to his employment, including his failure to accurately report time, issues of his classification related to supervisory duties during specific time periods of his employment, and his bad faith actions directed against Defendant after the termination of his employment.

6. Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to trial by jury, and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

7. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.

8. Plaintiff's claims are barred to the extent Plaintiff and/or alleged similarly situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

9. Plaintiff and all alleged putative class members have been paid and/or received all wages and/or compensation due to them by virtue of their employment with

Defendant.

12. Defendant reserves the right, pursuant to the terms of Fed. R. of Civ. Proc. 15, to amend or supplement its pleadings to assert any additional defenses it discovers during the course of litigation.

## COUNTERCLAIMS

Defendant, ASAP Assembly, Inc., for its counterclaims against Plaintiff, Brody Campbell, alleges and states as follows:

1. Plaintiff is a citizen of the State of Oklahoma.

2. Defendant is a corporation incorporated under the laws of the State of Florida having its principal place of business in the State of Florida.

3. Defendant's counterclaim for Fraud and Deceit is a compulsory counterclaim. Therefore, no independent basis for jurisdiction is necessary for that claim. Defendant's remaining counterclaims are considered permissive and this Court has original subject matter jurisdiction over all such claims pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### COUNT I - FRAUD AND DECEIT

4. During Plaintiff's employment, he was required to report his hourly time worked and pieces assembled to Defendant.

5. On several occasions during this period, Plaintiff falsely reported to Defendant hours that he did not work.

6. Defendant paid Plaintiff for the falsely reported hours.

7. Plaintiff, by his conduct, actually and constructively defrauded Defendant.

8. Plaintiff has acted in an intentional or reckless disregard for the rights of Defendant. Therefore, Defendant demands actual and punitive damages in excess of $75,000.

## COUNT II - BREACH OF CONTRACT

9. Plaintiff entered into a Confidentiality, Non-Solicitation and Non-Competition Agreement ("Contract") with Defendant on November 11, 2011.

10. Plaintiff breached the Confidential Information and Non-Disclosure provisions of the Contract by disclosing confidential information he acquired while working for Defendant to its competitor, Empire Assembly.

11. Plaintiff also breached the Non-Solicitation provision of the Contract by directly soliciting business from the Wal-Mart stores where he had worked for Defendant.

12. As a result of Plaintiff's breaches of the Contract, Defendant has suffered actual and punitive damages in excess of $75,000.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONSHIPS

13. Defendant has a contractual and business right to perform assembly work for Wal-Mart.

14. Plaintiff knew of Defendant's contractual and business relationship with Wal-Mart.

15. Plaintiff has interfered with Defendant's contractual and business

relationship with Wal-Mart by using confidential information and customer lists he obtained while working for Defendant to undermine Defendant's relationship with Wal-Mart. As a result, Plaintiff's interference is malicious and wrongful, and is neither justified, privileged nor excusable.

16. Defendant has and will continue to lose business from Wal-Mart as a result of Plaintiff's interference.

17. As a result of Plaintiff's tortious interference with contractual and business relationships, Defendant has suffered actual and punitive damages in excess of $75,000.

## COUNT IV – INJUNCTIVE RELIEF

18. Plaintiff knew of his obligations pursuant to the Contract and of Defendant's contractual and business relationship with Wal-Mart.

19. Plaintiff's continued breach of the Contract and continued wrongful interference continues to cause irreparable harm to Defendant that is not quantifiable in money damages.

20. Defendant has and will continue to lose business from Wal-Mart as a result of Plaintiff's interference and this loss of business may jeopardize the continued existence of Defendant. An order of the Court, enjoining Plaintiff's continued breach of the Contract and wrongful interference with Defendant's business relationships and opportunities is the only remedy that will allow Defendant to be made whole. Specifically, the Court should enjoin the Plaintiff from disclosing or utilizing any confidential information acquired from Defendant and requiring that Plaintiff

immediately cease and desist from contacting or soliciting any customers of Defendant or otherwise interfering with Defendants business relationships.

**WHEREFORE, Defendant A.S.A.P. Assembly, Inc. requests:**

1. Judgment in favor of Defendant on Plaintiff's Complaint;

2. Judgment against Plaintiff for actual and punitive damages in an amount in excess of $75,000.00.

3. Injunctive relief barring Plaintiff from disclosing or utilizing any confidential information acquired from Defendant and requiring that Plaintiff immediately cease and desist from contacting or soliciting any former customers of Defendant or otherwise interfering with Defendants business relationships.

4. Judgment awarding Defendant its attorney fees, costs and disbursements; and,

5. Such other relief as the Court may deem just and equitable.

                    **Respectfully Submitted,**

      **By:** *s/ Bryan M. Harrington*
           Gentner F. Drummond, OBA #16645
           Wendy P. Drummond, OBA #21697
           Garry M. Gaskins, II, OBA #20212
           Bryan M. Harrington, OBA #21208
           DRUMMOND LAW, PLLC
           1500 South Utica, Suite 400
           Tulsa, Oklahoma 74104-6522
           (918) 749-7378-Phone/
           (918) 749-7869-Fax
           *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of October, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Kevin S Locke
Taylor Lucas & Associates
1132 N Broadway Ave
Oklahoma City, OK 73103
kevin.locke@taylorlucas.com

James Jones
Bruckner Burch, PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77056
jjones@brucknerburch.com

*s/Bryan M. Harrington*
Bryan M. Harrington