**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

BRODY CAMPBELL, Plaintiff,

vs.

A.S.A.P. ASSEMBLY, INC., Defendant.

NO. CIV-13-0815-HE

**ORDER**

Plaintiff filed this action against his employer, A.S.A.P. Assembly, Inc. ("ASAP"), under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. He seeks to recover unpaid overtime wages allegedly owed to him and others similarly situated. ASAP answered, asserting a number of affirmative defenses and counterclaims. Plaintiff moved to strike the counterclaims and certain affirmative defenses. Simultaneously with filing its response to the motion, ASAP filed an amended answer dropping some of the challenged affirmative defenses and modifying the allegations as to others. Plaintiff then filed a second motion to strike defendant's counterclaims and certain remaining affirmative defenses. The motions are at issue.

*Counterclaims*

Defendant has asserted four counterclaims against plaintiff: 1) fraud and deceit, 2) breach of contract, 3) tortious interference with contractual and business relationships, and 4) injunctive relief. As an initial matter, the court notes that injunctive relief is a type of remedy, not an independent basis for claim, and may or may not be appropriate depending

on the disposition of defendant's other claims.[1] Defendant's purported separate claim for injunctive relief will therefore be stricken.

As to all the purported counterclaims, plaintiff seeks to strike them on the basis that counterclaims are always barred in FLSA cases. Although the cases do not uniformly support the sort of flat rule that plaintiff urges, they do suggest that counterclaims are strongly disfavored in FLSA cases. The Tenth Circuit has upheld the exclusion of counterclaims where the Secretary of Labor sought to enjoin an employer from violating the Act. Donovan v. Pointon, 717 F.2d 1320 (10th Cir. 1983). It stated, at 1323:

> [T]he purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [The employer] is free to sue his employees in state court ...."

The rationale of Donovan applies most obviously to situations where relief is sought by the Secretary of Labor. However, other courts have precluded counterclaims in cases brought by the individual employee. *See* Martin v. PepsiAmericas Inc., 628 F.3d 738 (5th Cir. 2010) (discussing cases and concluding that counterclaims and setoffs are not permitted except where the funds being setoff may be viewed as wages prepaid to the employee). Here, the counterclaims sought to be asserted by defendant plainly do not fall within the limited exception recognized in Martin. Rather, they arise from alleged breaches of unrelated contracts or from alleged interference with unrelated contracts. Even the fraud/deceit claim

---

[1] *The alleged basis for injunctive relief is breach of contract and wrongful interference with another contract, i.e. the grounds alleged in other counterclaims.*

does not involve circumstances are might be viewed as wages "prepaid" to the employee.[2] In accordance with what appears to be the weight of authority, the court concludes defendants counterclaims may not be asserted in this suit.

*Affirmative defenses*

Defendant's amended answer [Doc. #24] omits many of the claimed affirmative defenses to which plaintiff originally objected. Plaintiff's second motion challenges four of the remaining affirmative defenses:

> 1. Plaintiff's purported claims and the claims he seeks to assert on behalf of others are barred in whole or in part by the doctrine of unclean hands on the basis of Plaintiff's fraudulent time reporting and other demonstrable bad faith in relations with Defendant.
>
> 2. Plaintiff's purported claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages, insofar as Plaintiff failed to utilize internal complaint procedures available to him regarding the matters alleged in the Complaint. Specifically, Plaintiff's timesheet records do not indicate that he worked more than 40 hours in any week, and Defendant, in Florida, had no way to directly monitor Plaintiff, working in Oklahoma, with regard to hours worked unless so informed by Plaintiff. Additionally, Plaintiff's fraudulent reporting of his time actually spent on the job made it impossible for Defendant to know how many hours were worked by Plaintiff and accordingly, his entitlement FLSA overtime. This defense may also apply to the purported claims of some or all of the potential members of the putative class that Plaintiff purports to represent.
>
> 7. Plaintiff is not entitled to equitable relief insofar as he has an adequate remedy at law.
>
> 12. Defendant reserves the right, pursuant to the terms of Fed. R. of Civ. Proc. 15,

---

[2]*The exception for "prepaid" wages recognized by the Fifth Circuit arose out of a situation where the employer had allegedly underpaid for some periods and overpaid for others, with a sort of netting-out process allowed. It did not involve what defendant alleges here—that plaintiff falsely reported the number of hours worked.*

to amend or supplement its pleadings to assert any additional defenses it discovers during the course of litigation.

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense . . . ." "Motions to strike are a severe remedy, and as such are generally disfavored." Sender v. Mann, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006). "A defense should not be stricken 'if there is any real doubt' about its validity, and 'the benefit of any doubt should be given to the pleader.'" *Id.* (quoting Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736-37 (N.D. Ill. 1982)). A court "should decline to [strike] unless the allegations (1) have no possible relation to the controversy, and (2) may prejudice one of the parties." Rubio ex. rel. Z.R. v. Turner Unified Sch. Dist. No. 202, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007).

As to the first purported defense, plaintiff correctly argues it is inapplicable in this case because the doctrine of unclean hands is an equitable defense and he is not seeking equitable relief. The standard is that "he who seeks equity must come into the court with clean hands." Hocker v. New Hampshire Ins. Co., 922 F.2d 1476, 1486 (10th Cir.1991). Here, plaintiff seeks only monetary damages, so the doctrine of unclean hands does not apply. *See* Lopez v. Autoserve, LLC, 2005 WL 3116053 (N.D. Ill. Nov. 17, 2005) (striking the unclean hands affirmative defense in an FLSA action because plaintiff was not seeking equitable relief).

Plaintiff argues the affirmative defense of failure to mitigate damages should be stricken because there is no notice or reporting requirement under the FLSA. Several courts have so concluded. *See* Lopez at *2 ("[T]here are no cases applying [failure to mitigate] to

FLSA. . . ."); Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1319 (S.D. Fla. 2005) ("There is no requirement under the FLSA for a plaintiff to have provided notice of an alleged wage violation prior to bringing suit."); Tran v. Thai, 2010 WL 5232944 (S.D. Tex. Dec. 16, 2010) ("The defendants have not cited any authority imposing a duty on an FLSA plaintiff to notify an employer of alleged FLSA violations. Courts have found that as a matter of law there is no requirement to mitigate overtime wages under the FLSA." (internal quotations omitted)). As the claimed defense is unavailable, it will be stricken.

Defendant's seventh affirmative defense asserts that plaintiff is not entitled to equitable relief because there is an adequate remedy at law. As noted above, plaintiff is not seeking equitable relief. The defense will therefore be stricken.

Defendant's twelfth affirmative defense is a reservation of the right to amend its pleading to assert additional defenses. "A defendant's ability to add defenses is governed by Fed. R. Civ. P. 15, not by some purported reservation of rights." Henson v. Supplemental Health Care Staffing Specialists, No. CIV-09-0397-HE (W.D. Okla. July, 30, 2009). Accordingly, the purported twelfth affirmative defense will be stricken.

As the grounds for plaintiff's first motion to strike were substantially supplanted by the amended answer and counterclaim, that motion [Doc. #16] is **STRICKEN** as **MOOT.** For the reasons stated above, plaintiff's second motion to strike [Doc. #26] is **GRANTED**. Defendant's counterclaims are **STRICKEN** without prejudice to them being re-filed in a proper case and forum. Defendant's first, second, seventh, and twelfth affirmative defenses are also **STRICKEN**.

**IT IS SO ORDERED**.

Dated this 5th day of December, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE